**NOT FOR PUBLICATION**

| | |
|---|---|
| **KNIGHTS FRANCHISE,** : | **UNITED STATES DISTRICT COURT** |
| **SYSTEMS, INC., et al.,** : | **DISTRICT OF NEW JERSEY** |
| **Plaintiff,** : | |
| : | Hon. John C. Lifland |
| -vs- : | Civil Action No. 03-738 (JCL) |
| **ALPESH SUMAN PATEL &** : | |
| **DINU B. PATEL,** : | **REPORT & RECOMMENDATION** |
| **Defendant(s).** : | |

## INTRODUCTION

This matter comes before the Court on an Order to Show Cause as to why default judgment should not be re-entered pursuant to Fed. R. Civ. P. 16(f) against defendants, Alpesh Suman Patel and Dinu B. Patel. For the following reasons, it is respectfully recommended that default judgment against defendants be re-entered in accordance with Judge Lifland's Memorandum and Order filed on March 11, 2005.

## BACKGROUND

Plaintiff Knights Franchise System, Inc. ("KFS") initiated this action with the filing of a complaint on February 20, 2003. On June 4, 2003, the Clerk of the Court entered default against defendants for failure to answer. KFS moved for default judgment on November 24, 2004. The Hon. John C. Lifland, U.S.D.J., entered default judgment against defendants for the sum of $121,445.14 on March 10, 2005. However, on December 27, 2004, defendants filed an answer pro se in which defendants denied receiving the complaint. Thereafter, by Memorandum and Order dated March 21, 2005, Judge Lifland sua sponte vacated the entry of default judgment against defendants.

The undersigned Magistrate Judge immediately scheduled a mandatory in-person scheduling conference on April 21, 2005. The Letter Order scheduling the conference was served on both defendants by regular and certified mail, return receipt requested. The Letter Order stated as follows:

> Please be advised that there shall be a status/settlement conference before the undersigned on **Thursday, April 21, 2005** at **11:00 a.m.** at the U.S. Post Office and Courthouse, 1 Federal Square, Fourth Floor, Courtroom 9, Newark, New Jersey. All parties are required to be present at the conference. Failure to appear in person at the conference will result in sanctions including dismissal of a party's pleadings.

On April 21, 2005, defendants failed to appear at the conference. The undersigned Magistrate Judge then issued an Order to Show Cause to afford defendants with one last chance to appear and defend the case before the re-entry of default judgment. The Order to Show Cause was served on both defendants. The Order to Show Cause stated as follows:

> You are hereby directed to show cause before the undersigned on **Friday, May 6, 2005** at **9:00 a.m.** why monetary/reprimand sanctions should not be imposed or default judgment should not be re-entered pursuant to Fed. R. Civ. P. 16(f) at the U.S. Post Office and Courthouse, 1 Federal Square, Fourth Floor, Courtroom 9, Newark, New Jersey. This Order to Show Cause arises out of your failure to attend the mandatory status/settlement conference on April 21, 2005 and otherwise to comply with the rules of this Court.
>
> You shall file any written submissions with the Court and send a copy to plaintiff's counsel by April 29, 2005.

On May 6, 2005, defendants failed to appear at the hearing. Plaintiff's counsel Charles Yuen, Esq., represented to the Court that despite attempts, he had no further contact with the defendants. There has been no further communication from defendants.

## **ANALYSIS**

Fed. R. Civ. P. 16(f) provides that "if a party fails to obey a scheduling . . . order . . . or if no appearance is made on behalf of a party at a scheduling . . . conference . . . , the judge, upon . . . the judge's own initiative, may make such orders

3

with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 37(b)(2)(C) specifically identifies an order "rendering a judgment of default against a disobedient party" as one of the permissible orders that a court may enter if a party violates Rule 16(f). The Third Circuit has also recognized that courts have inherent equitable power to dismiss actions or enter default judgments for failure to prosecute, contempt of court or abuse of litigation practices. Lightening Lube, Inc. v. Witco, Corp., 4 F.3d 1153, 1179 n. 15 (3d Cir. 1993) (citing TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir., 1987)); Kramer v. Tribe, 156 F.R.D. 96, 101 (D.N.J., 1994).

Default was entered against defendants on June 4, 2003 and KFS moved for default judgement on November 24, 2004. While the application for default judgment was pending, defendants filed an answer pro se on December 27, 2004, in which they denied receiving the complaint. The default judgment initially granted by Judge Lifland was later vacated *sua sponte* because KFS did not apprise the Court that defendants had filed an answer while the default judgment application was pending.

Despite their filing a pro se answer out of time, defendants have otherwise failed to appear in this case. Specifically, they have failed to comply with two orders requiring their appearance in court. Counsel for plaintiff appeared but defendants did not appear at the mandatory conference on April 21, 2005. On May 5, 2005, counsel for plaintiff appeared again, but defendants failed to appear or submit any explanation

4

or response to the Order to Show Cause.

This Court and counsel for plaintiff have expended much time in an effort to proceed with this case. However, defendants' failure to appear at two consecutive court ordered conferences without explanation demonstrates their lack of regard for court orders and the Court's time and resources. Defendants' failure to comply with court orders together with their failure to communicate with plaintiff and the Court, justifies the re-entry of default judgment against them.

## **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that default judgment be re-entered against defendants in the amount of $121,445.14 in accordance with Judge Lifland's opinion dated March 11, 2005.


Dated: May 16, 2005                     /s/   Mark Falk
                                                Mark Falk
                                                United States Magistrate Judge

Original:   Clerk of the Court
cc:         Hon. John C. Lifland, U.S.D.J.
           Parties
           File