UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
KNIGHTS FRANCHISE, :
SYSTEMS, INC., :
:
      Plaintiff, :
:
: CIVIL ACTION NO. 03-738 (JCL)
v. :
: **MEMORANDUM AND ORDER**
: **ENTERING JUDGMENT**
ALPESH SUMAN PATEL & :
DINU B. PATEL, :
:
: **(CLOSED)**
      Defendants. :
_____:

**LIFLAND, District Judge**

      Presently before the Court is Magistrate Judge Falk's May 16, 2005 Report and Recommendation recommending that Plaintiff's motion for default judgment against Defendants be re-entered. Neither party has filed an objection to the Report and Recommendation. For the reasons set forth below, the Court adopts the Report and Recommendation.

      Pursuant to Federal Rule of Civil Procedure 53(e)-(f), a district court shall accept the Magistrate Judge's reported findings of fact unless clearly erroneous. Levin v. Garfinkle, 540 F.Supp. 1228, 1236 (E.D. Pa. 1982) (citing Bennerson v.

Joseph, 583 F.2d 633 (3d Cir. 1978)).  The Magistrate Judge's conclusions of law do not bind the Court; rather, they are recommendations that the Court may consider. In re Mifflin Chem. Corp., 123 F.2d 311 (3d Cir. 1941), cert. denied, 315 U.S. 815 (1942).

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Knights Franchise System, Inc. ("KFS") filed its complaint in this action on February 20, 2003.  On June 4, 2003, the Clerk of Court entered default against Alpesh Suman Patel and Dinu B. Patel (collectively "Defendants").  On March 10, 2005, this Court entered default judgment against Defendants in the amount of $121,445.14.  Upon learning that Defendants had filed an untimely Answer pro se, the Court sua sponte vacated the default judgment on March 21, 2005.

As set forth more fully in the Report and Recommendation, Judge Falk set an in-person scheduling conference for April 21, 2005.  Defendants failed to appear at this hearing.  Judge Falk then issued an Order to Show Cause "why monetary/reprimand sanctions should not be imposed or default judgment should not be re-entered pursuant to Fed. R. Civ. P. 16(f)."  Defendants failed to appear at the scheduled May 6, 2005 Order to Show Cause hearing.  Defendants have not communicated further with either counsel or the Court.

## ANALYSIS

Judge Falk noted that Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the court to issue appropriate orders for violations of Rule 16(f). A party failing to obey a scheduling order or otherwise failing to appear at a scheduling conference may be subject to a default judgment. Fed. R. Civ. P. 37(b)(2)(C); <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993)(noting court's inherent equitable powers to enter default judgment for failure to prosecute).

This Court vacated its March 10, 2005 entry of default judgment against Defendants (based on an untimely Answer) in an effort to have this case resolved on the merits. However, Defendants failed to appear at the two court-ordered conferences and have offered no explanation for their absence. Consequently, this Court agrees with the Magistrate Judge that Defendants' conduct justifies re-entry of default judgment against Defendants.

Accordingly, **IT IS ORDERED** on this 22nd day of June 2005 that Magistrate Judge Falk's Report and Recommendation dated May 16, 2005 is adopted. Knights Franchise Systems' motion for entry of default judgment against defendants Alpesh Suman Patel and Dinu B. Patel is granted and judgment in the

amount of $121,445.14 is entered against them, jointly and severally.

/s/ John C. Lifland, U.S.D.J.